UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN A. GARY,

        Plaintiff,

Case No. 12-10521

Honorable John Corbett O'Meara

v.

DISCOVERY COMMUNICATIONS, L.L.C.,

        Defendant.
        _____/

**OPINION AND ORDER
GRANTING DEFENDANT'S JULY 12, 2012 MOTION TO DISMISS**

      This matter came before the court on the July 12, 2012 motion to dismiss by defendant Discovery Communications, L.L.C. ("Discovery"). Plaintiff Kevin A. Gary filed a response August 6, 2012; and Discovery filed a reply August 20, 2012. Pursuant to Local Rule 7.1(f)(2), no oral argument was heard.

      Plaintiff Kevin Gary filed this libel action against defendant Discovery following its broadcast as part of a series entitled "Stalked: Someone's Watching." Gary alleges that the broadcast falsely communicates that he stalked Harvette Williams.

      In a libel suit a plaintiff must prove the following elements: 1) a false and defamatory statement, 2) of and concerning the plaintiff, 3) an unprivileged publication to a third party, 4) fault amounting to at least negligence on the part of the publisher, and 5) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. Northland Wheels Roller Skating Ctr. v. Detroit Free Press, 213 Mich. App. 317 (1995). Michigan law, which is applied in this diversity case, favors the early dismissal of defamation cases as a means

of vindicating a defendant's First Amendment rights. <u>Lins v. Evening News Ass'n</u>, 129 Mich. App. 419 (1983).

Michigan law provides protection for one who repeats or summarizes a public record if he or she does so fairly and accurately. "Damages shall not be awarded in a libel action for the publication or broadcast of a fair and true report of matter of public record . . . ." Mich. Comp. Laws Ann. § 600.2911(3). The determination of whether this privilege is available to the defendant is a question of law for the court. <u>See</u> <u>Northland</u>, <u>supra</u>. Furthermore, the United States Supreme Court has held that reports on the contents of public proceedings and records are protected by an absolute privilege as a matter of federal constitutional law:

> We are reluctant to embark on a course that would make public records generally available to the media but forbid their publication if offensive to the sensibilities of the supposed reasonable man. Such a rule would make it very difficult for the media to inform citizens about the public business and yet stay within the law. The rule would invite timidity and self-censorship and very likely lead to the suppression of many items that would otherwise be published and should be made available to the public.

<u>Cox Broadcasting Corp. v. Cohn</u>, 420 U.S. 469, 496 (1974).

Where the gist or the sting of the statement is the same as the statement made in the official proceeding, there is no defamation. In this case, plaintiff Gary has failed to cite the specific statements made in the broadcast that he alleges are libelous; however, presumably they are the mention of his record of stalking Ms. Williams. Although Plaintiff repeatedly claims his innocence, he was twice *convicted* of stalking. Pursuant to Michigan statute, Plaintiff cannot be awarded damages; and Defendant is entitled to dismissal of the claims.

In addition, a defamation plaintiff is required to prove material falsity of the statements at issue. <u>Philadelphia Newspapers, Inc. v. Hepps</u>, 475 U.S. 767 (1986). Again in this case, because

Gary was twice convicted of stalking, defendant Discovery has an absolute defense to Plaintiff's claims.

Along with his response to Defendant's motion to dismiss, plaintiff Gary filed a motion for judicial notice. That motion is rendered moot by the court's granting of Defendant's motion to dismiss.

## ORDER

It is hereby **ORDERED** that defendant Discovery's July 12, 2012 motion to dismiss is **GRANTED.**

It is further **ORDERED** that plaintiff Gary's August 6, 2012 motion for judicial notice is **MOOT.**

                                                s/John Corbett O'Meara
                                                United States District Judge

Date: February 28, 2013

I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, February 28, 2013, using the ECF system and/or ordinary mail.

                                                s/William Barkholz
                                                Case Manager